[Cite as *Saini v. Golden*, 2017-Ohio-204.]


COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| NOLAN R. SAINI | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KYLEE N. GOLDEN | : | Case No. 2016CA00121 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Canton Municipal
                                   Court, Case No. 2015-CVF-4142




JUDGMENT:                          Reversed & Judgment Entered




DATE OF JUDGMENT:                  January 17, 2017




APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

NOLAN SAINI, Pro Se                     DANAMARIE K. PANNELLA
2802 Sunflower Loop South               1343 Sharon Copley Road
Palm Springs, CA  92262                 P.O. Box 345
                                        Sharon Center, OH  44274

*Farmer, P.J.*

{¶1}    On July 2, 2015, appellant, Nolan Saini, filed a complaint in replevin against appellee, Kylee Golden, in the Court of Common Pleas for Stark County, Ohio.  By judgment entry filed August 17, 2015, the case was transferred to the Canton Municipal Court, whereupon appellant filed an amended complaint in replevin on August 27, 2015. In the amended complaint, appellant alleged he purchased a dog ("Titan") from the Department of Summit County Animal Control on October 25, 2013, and he was the sole owner of the dog.  Titan was registered to appellant in the state of Ohio and was microchipped and registered to appellant in the state of California.  Titan was now living in North Canton, Ohio, with appellee.  Appellant alleged the dog was abducted by appellee without legal permission or privilege.  Appellant sought return of the dog and damages.

{¶2}    On December 8, 2015, appellee filed an answer and counterclaim, alleging appellant gifted Titan to appellee as an anniversary present, and she was the sole owner of the dog.  She and appellant had a personal relationship and she left the home they shared in California in January 2015.  She removed all of her personal property including the dog.  Appellee sought dismissal of the complaint and damages.

{¶3}    A bench trial commenced on May 12, 2016.  By judgment entry filed May 13, 2016, the trial court found in favor of appellant as being the owner of the dog, and ordered appellee to return the dog to appellant or pay appellant $90.00 for the fair market value of the dog.

{¶4}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT ERRED BY RULING IN PLAINTIFF'S FAVOR ON HIS COMPLAINT IN REPLEVIN BUT FAILING TO ORDER THE RETURN OF PLAINTIFF'S PROPERTY.  THIS IS REFLECTED IN THE JUDGMENT ENTRY FROM 5-13-16."

I

{¶6}   Appellant claims the trial court erred in awarding damages i.e., value of the dog, as an alternative to the return of the dog.  We agree.

{¶7}   On August 27, 2015, appellant filed an amended complaint in replevin pursuant to R.C. 2737.03 which provides: "Any party to an action involving a claim for the recovery of specific personal property, upon or at any time after commencement of the action, may apply to the court by written motion for an order of possession of the property." Appellant prayed for the following relief:

**WHEREFORE,** Plaintiff demands judgment against the Defendant in the amount of $15,000 dollars for the proximate and foreseeable loss of Plaintiff's pet dog and the Defendant's conversion of said property. Damages for time and money properly expended in pursuit of the converted property.  For punitive and exemplary damages.  For the cost of this action herein incurred.  For the imminent and immediate return of Plaintiff's pet dog "Titan."  For any such other and further relief as this Court deems just and proper.

{¶8}   The gravamen of this appeal is whether appellant is entitled solely to the return of the dog.  In its judgment entry filed June 10, 2016, the trial court stated appellant "prayed for relief for replevin and/or for damages for the loss of the dog," and found the following:

Further the Court finds that it has the inherent authority to issue a remedy appropriate for the circumstances.  The Court found that the appropriate remedy was for the Defendant to make Plaintiff whole, either by return of the dog at issue or payment of the fair market value.  The Court further found that based on the pleadings and the evidence presented at trial, the fair market value of the dog is $90.00.

IT IS ORDERED:

That judgment is granted in favor of Plaintiff and against Defendant; and

That Plaintiff is found to be the owner of the property at issue: to wit a dog identified as "Titan": and

That Defendant took possession and care of the dog against the ownership interest of the Plaintiff constituting conversion; and

That Defendant is ordered to return the dog or pay the fair market value of the dog within ten days of this judgment entry, which fair market value is determined to be $90.00; and

That should Defendant chose to make payment, payment may be made through the Clerk of Courts for the fair market value of $90.00.

{¶9}     In all respects, the trial court's decision finds for appellant, except it provided for alternative relief.  From our review of the prayer for relief and the trial court's decision, we find the trial court stopped outside the requested prayer for relief.  At the conclusion of the trial, the trial court explained the following (T. at 11-12):

Both of you indicated a love for that dog.  Hhhmmm.  I'm not sure I can joint - - I guess I could rule for joint property.  I'm not sure how to handle that any differently than ruling for you, Mr. Saini, so what I'm going to do is I'm going to rule in your favor.  But I'm going to fashion a remedy that you don't like.  And that remedy is going to be I'm going to give the defendant the choice of returning the property or paying the fair market value of that property.  She has ten days within which to pay you ninety dollars for the fair market value of that property and the cost of this action.  I don't know any other way to do it.  From what I've seen today, she's certainly taken care of that dog, she certainly evidence to ownership of that dog, and from what I've seen from the relationship with that dog, um, there would be as much harm from transferring the dog now, you know.  The appellate court needs to know what I'm thinking when I fashion this remedy, so while I'm not persuaded by a best interest test, you need to understand why I'm exercising the discretion I am in my - - in this way.  That I do look at Alpha. I do look at how dogs behave.  I do look at how dogs connect.  The evidence that was presented to me indicates there's a strong connection.  And I don't

see why I should exercise my discretion if the defendant is not willing, if you're made whole, exercise my discretion to upset that balance.

{¶10}  We find the trial court's decision to be in error.  Appellant requested "the imminent and immediate return" of the dog and damages associated with the return.

{¶11}  Pursuant to App.R. 27, we reverse the trial court's decision and order appellee to return the dog to appellant within thirty days of the date of this opinion and accompanying judgment entry.

{¶12}  The sole assignment of error is granted.

{¶13}  The judgment of the Canton Municipal Court of Stark County, Ohio is hereby reversed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

SGF/sg 105